HADDONFIELD NATIONAL BANK, RESPONDENT, v. LOWELL B. HIPPLE AND ALEXANDER COOPER, APPELLANTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *French, Richards & Bradley*.

For the respondent, *Riggins & Davis*.

The following opinion was prepared by the late Chief Justice Gummere, in compliance with the assignment to him.

It clearly expresses the view of the court upon the matter involved in the litigation, and is adopted by the court as its own opinion in the cause.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal is taken by Alexander Cooper, one of the defendants below, to review the action of the Supreme Court in refusing to vacate a judgment by confession entered against him and his co-defendant, Hipple, in the Supreme Court.

The two defendants applied to the Haddonfield National Bank for a loan of $11,000. The bank made the loan, and the borrowers, at the time of the payment of the money to them, signed a promissory note for the amount and delivered it to the bank. The bank, as a condition to the making of the loan, required security for its payment, and the two defendants thereupon executed and delivered to the bank their joint bond for the amount of the loan, secured by a third mortgage on property owned by them, which was located in Camden county. The bond had attached to it a provision authorizing any attorney to appear for the defendants, or either of them, in any court of competent jurisdiction, in case of the breach of the condition of the bond, and confess judgment for the penalty therein contained as of the last or any subsequent term of court, with costs of suit. While the debt which was secured by the bond and mortgage still remained unpaid to the extent of $10,600, Hipple and Cooper made an arrangement between themselves, by the terms of which Hipple was to take over Cooper's interest in the real estate which was covered by the mortgage and his father was to be substituted as the obligor on the bond in the place of Cooper. The bank was not a party to this agreement, which was subsequently executed by Cooper and the two Hipples. After this was done, the original note which was given in exchange for the loan, or, rather, a renewal thereof, was taken up by the two Hipples, and another note was made by them and given to the bank in its place; but when this was done Cooper was informed by the bank that it would not recognize

any discharge of liabiilty on his part from the obligation contained in the bond, and that it would hold him liable on that obligation in case there was finally a default in the payment of the moneys loaned by it to Hipple and himself. This condition arose—that is, a default in payment occurred—and thereupon the bank caused a judgment by confession to be entered in the Supreme Court by a duly authorized attorney against Hipple and Cooper. Cooper then filed a petition in that court, asserting that he was under no obligation to pay the debt and praying that the judgment against him be set aside and vacated. A rule to show cause was allowed, and on the return thereof it was dismissed by Mr. Justice Lloyd, before whom the matter came on to be heard, after deducting from the judgment a small amount, which he apparently considered should not have been included therein.

The petition for the order vacating the judgment was based upon three grounds, viz., (1) that the affidavit on which the said judgment was entered does not set forth the true consideration of said bond, in accordance with the statute in such case made and provided; (2) petitioner was released by plaintiff from all liability on the bonds on which the judgment was entered; (3) any debt owing by petitioner secured by said bond has been paid.

These being the only grounds submitted to the Supreme Court for opening and vacating the judgment, the other matters argued by counsel for the appellant are not properly before us for review, except the legality of the action of the court in reducing the amount of the judgment.

As to the second and third grounds upon which the relief prayed for was sought by Cooper, it is enough to say that the proofs demonstrated that the plaintiff bank absolutely refused to release him from such liability; and that there was no evidence to sustain the contention that any debt owing by the petitioner and secured by the bond had been paid to the bank.

Taking up the first of the grounds recited: It is argued before us that the judgment by confession was invalid because the affidavit upon which it is based did not comply with the

statutory provision requiring that it should state the true consideration of the bond, and also that the debt was justly and honestly due and owing at the time of the entry of the judgment. The affidavit stated "that the true consideration of said bond is the loan by Haddonfield National Bank to Lowell B. Hipple and Alexander Cooper of the sum of $11,100 and the obligation of said Hipple and Cooper to the obligee by reason of the said loan." Counsel for the appellant argued that this statement is not true in fact, for the reason that the bond was given as collateral security for the payment of the note and not for the payment of the debt the existence of which was evidenced by such note. We are not impressed with the argument of counsel in support of this contention. The note was given in exchange for the loan, and the makers of the note were entitled to have it returned to them when the loan was repaid. In other words, the loan remained an outstanding debt until it was discharged by appellant, and the bond was given to secure that payment, the note merely being evidence of the existence of the debt. *Latham* v. *Lawrence,* 11 *N. J. L.* 322; *Reading* v. *Reading,* 24 *Id.* 358; *Brown* v. *Fuller,* 13 *N. J. Eq.* 271, 273. The conclusion reached by us is that the true consideration of the bond is accurately stated in the affidavit.

As to the contention that the affidavit is fatally defective for the reason that it fails to state that the debt was justly and honestly due and owing to the plaintiff at the time of the entry of the judgment: Section 11 of the statute regulating the entry of judgments by confession (*Comp. Stat., p.* 221) provides that the affidavit shall set forth "that the debt for which the judgment is confessed is justly and honestly due and owing to the person or persons to whom the judgment is confessed." The affidavit in the present case states that "the debt for which judgment is confessed is justly due and owing" to the plaintiff. Counsel for appellant argues that the affidavit must contain the very words set forth in the statute, and that the omission of the word "honestly" vitiates it. We think not. All that the statute requires is a substantial compliance with its terms. *Reading* v. *Reading, supra;*

*Clapp* v. *Ely,* 27 *N. J. L.* 555, 577; *Warwick* v. *Petty,* 44 *Id.* 542. Notwithstanding the omission of the word "honestly," the affidavit in the present case substantially complies with the statute; for the statement that the debt is justly due carries with it, by necessary implication, an assertion that it is honestly due. No other implication is possible, for if a debt is not honestly due, it cannot be justly due.

In the action of Mr. Justice Lloyd, reducing the amount for which the judgment was originally entered, we find no error. Where a judgment is by inadvertence confessed for an amount in excess of the sum then due, such judgment will be allowed to stand for so much as was actually due and owing when it was entered, if the affidavit upon which it was entered to that extent truly states the consideration, provided that it appears that the judgment was entered for a larger sum without any fraudulent intent. *Clapp* v. *Ely, supra; Warwick* v. *Petty, supra.* In the present case there is no suggestion that the entry of the judgment for an amount larger than that due from the appellant to the bank was the carrying out of a fraudulent scheme, concocted either by the bank or its attorney who confessed the judgment, and it clearly appears that the error was one of inadvertence only.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.